**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Brian BINGER, Defendant-Appellant.**

**No. 71-2236.**

United States Court of Appeals,
Ninth Circuit.

Oct. 24, 1972.

Leonard W. Moen (argued), Quinby R. Bingham, Tacoma, Wash., for defendant-appellant.

Jerald E. Olson, Asst. U. S. Atty. (argued), Charles Pinnell, Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and SOLOMON,* District Judge.

CHOY, Circuit Judge:

Brian Binger was convicted by a jury of the illegal transfer of opium and appeals. Count I charged the illegal distribution of 1.7 grams of opium without the required Treasury stamp, in violation of 26 U.S.C. § 4704(a). Counts II, III and IV charged the illegal distribution and sale of 2.1 pounds of opium, in violation of 21 U.S.C. § 174, 26 U.S.C. §§ 4704(a) and 4705(a). We affirm.

Binger asserts several errors, only one of which merits discussion.

The indictment originally charged Binger and three other persons. Before Binger's trial, all three, including a Vernon Rose, pleaded guilty to count III. Binger called Rose to testify as a defense witness to corroborate Binger's defense that he did not know the others were engaged in selling opium to an undercover agent.

After the prosecutor had cross-examined Rose, the district judge, on his own initiative, excused the jury and talked to counsel about Rose's plea of guilty to count III. After some discussion, the judge stated to the prosecutor:

"I am going to permit you to ask him if he didn't already enter a plea of guilty to a charge of violation of this count, and also about his previous record, so far as his testimony here is concerned. I think the members of the jury are entitled to know this, to assess the value of his testimony."

Defense counsel's objection was overruled. The jury returned and the prosecutor again questioned Rose, who admitted that he had pleaded guilty to the same count for which Binger was being tried.

In Baker v. United States, 393 F.2d 604, 614 (9th Cir. 1968), we held that the government may not ask a co-conspirator whether he pleaded guilty to one of the substantive counts for which the defendant was then being tried.

If Binger's counsel had first asked Rose on direct examination about his

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

plea, evidence of Rose's plea would have been proper impeachment. Once a defendant opens the door to a crime partner's guilty plea, the government may then ask about the charge to which he pleaded. Isaac v. United States, 431 F.2d 11, 15 (9th Cir. 1970). *Isaac* is not applicable here. Binger's counsel restricted his questioning to specific factual events to avoid the possibility of the witness perjuring himself. Defense counsel did not open the door to more than the details of the crime.

There is real danger that jurors will give undue emphasis to a crime-partner's guilty plea. It impinges on a defendant's right to be tried solely on the evidence. This court has held that the danger may be averted and the error cured by a cautionary instruction to consider a crime partner's guilty plea solely to assess his credibility as a witness and not to prove the defendant's participation in the crime. Baker v. United States, *supra*, 393 F.2d at 614.

The district judge here did not give such a cautionary instruction. Instead, he instructed the jury that

> "[T]he fact that a witness has previously been convicted of a crime does not prevent him from giving evidence. A person who has been convicted of a crime is a competent witness in a civil or criminal proceeding, and such prior conviction may be considered by you only in determining what weight or credibility should be allowed his testimony as a witness in the case. It affects his credibility and that is all."

This instruction failed to warn the jurors that Rose's guilty plea was no evidence of Binger's guilt on count III; it did not meet the standard set forth in *Baker*.

This court recently held a similar question not to be reversible error when there was no objection or request for a curative instruction. United States v. Canaday, 466 F.2d 1191 (9th Cir., 1972). Nevertheless, *Canaday* should not be understood to license prosecutors to inquire into the conviction of the witness on the same crime for which the defendant is being tried.

A review of the evidence here indicates that the error was harmless, Isaac v. United States, *supra*, 431 F.2d at 15. The government's evidence was clear and convincing. Witt, the government agent, testified that Binger personally handed Witt the sample of opium. Both Witt and the informer testified that Binger negotiated with Witt on several occasions. On the other hand, Binger's testimony that he was present at the transfer of 2.1 pounds of opium but didn't know what was going on is inherently unbelievable.

Affirmed.