COMMONWEALTH *vs.* PHILIP CRESTA.

Suffolk.    May 15, 1975. — November 17, 1975.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Practice, Criminal,* View, Comment by prosecutor, Admonition of counsel by judge, Disqualification of judge, Charge to jury.

In a trial on charges of armed robbery there was no abuse of discretion in denying a defendant's request to have the jury view certain sites where the views sought by the defendant were not crucial to an understanding of the testimony. [562]

In a criminal case a mistrial was not required as a result of improper comments made by the prosecutor during a view. [562-563]

In a criminal case in which two key prosecution witnesses had previously testified at the trial of other persons indicted with the defendant for the same offense, there was no violation of the defendant's constitutional right of confrontation, or error or abuse of discretion, in excluding questions to the witnesses on cross-examination as to the prior trial or its outcome where the judge allowed inquiry into the substance of the witnesses' prior testimony, any inconsistent statements therein, and any promises of leniency made in exchange for that testimony. [563-564]

A criminal defendant was not denied a fair trial because the judge admonished defense counsel in the presence of the jury where the admonition was provoked by the conduct of defense counsel and where the judge cautioned the jury not to draw inferences from his comments to counsel. [564]

In a criminal case the judge did not err in refusing to disqualify himself because he had instigated an investigation of a possible conflict of interest in connection with defense counsel's representation of a client in an earlier unrelated matter where the judge had no personal stake in the outcome of the investigation and where defense counsel's earlier conduct was not an issue at the defendant's trial. [564-565]

No prejudicial error appeared at a criminal trial in the judge's instructing the jury that a reasonable doubt "is such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions in his life," although use of the analogy had previously been disapproved as potentially misleading, where other portions of the charge emphasized the degree of certainty implied by the reasonable doubt standard in approved language. [565-566]

INDICTMENT found and returned in the Superior Court on June 9, 1969.

The case was tried before *Roy,* J.

Commonwealth v. Cresta.

*Alfred P. Farese* for the defendant.

*James F. Sullivan,* Special Assistant District Attorney (*Kathleen M. Curry,* Special Assistant District Attorney, with him) for the Commonwealth.

ARMSTRONG, J.   The defendant was convicted of armed robbery and appeals pursuant to G. L. c. 278, §§ 33A-33G. He assigns as error: (1) the denial of requests to have the jury take certain views; (2) a refusal to grant a mistrial due to a comment made by the prosecutor during a view; (3) restrictions imposed on the cross-examination of Commonwealth witnesses and on the proffered testimony of a prospective defense witness; (4) certain comments made by the judge to defense counsel during trial; (5) a refusal by the judge to disqualify himself for alleged bias, and (6) portions of the judge's charge.

The defendant was one of nine men named in an indictment arising out of a Brink's armored car robbery. The other eight defendants were tried separately.[1]

At the defendant's trial, the jury heard testimony that on Saturday, December 28, 1968, a Brink's truck carrying over $1,000,000 in cash and checks was robbed while stopped on Canal Street in Boston. The driver and the guard had left the truck and entered a nearby tavern, while the messenger, Richard Haines, remained in the truck. Two men suddenly entered the truck, handcuffed Haines at gunpoint, and pulled his hat over his eyes. The truck was then driven to an empty parking lot where it was unloaded by

---

[1] Two of the defendants, Andrew DeLeary and John J. Kelley, pleaded guilty to the robbery and testified for the prosecution against the remaining defendants. Five were tried in January, 1971, at which time Charles Dominico, Carmello Merlino, and Rocco Novello were convicted of armed robbery; William Cresta was found not guilty; and a mistrial was declared as to Santo Diaferio. The appeal of the three men found guilty was considered by this court in *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693 (1974). Stephen Roukous, who, along with the defendant, remained unapprehended at the time of the first trial, was later tried and convicted of armed robbery in May, 1972. This court considered his appeal in *Commonwealth* v. *Roukous,* 2 Mass. App. Ct. 378 (1974).

several men. After the men left, Haines managed to free himself and reported the robbery.

There was evidence, including testimony by two confessed co-conspirators, that the defendant had participated in the planning of the robbery and had driven the "look out" car on the day of the robbery.

1. The jury was taken on a view of certain sites relevant to the robbery. The defendant alleges error in the denial of his requests to have the jury view additional sites. A view is authorized but not mandated by G. L. c. 234, § 35. Whether a view would be taken lay within the discretion of the judge. *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 708-709 (1974), and cases cited. *Commonwealth* v. *Crespo, ante*, 497, 501 (1975). The additional views the defendant sought were not crucial to an understanding of the testimony; the judge considered each request and properly concluded that the requested views would not aid the jury. The defendant's request for a view of the car he allegedly drove during the robbery was properly and necessarily denied, since the car was apparently unavailable at the time of trial. Photographs of the car were available to the defendant. There was no abuse of discretion.

2. The defendant next assigns as error the judge's refusal to declare a mistrial as a result of a comment made by the prosecutor during the view. The prosecutor, pointing to a Brink's truck, stated, "... that in fact evidence will be offered to you that this is the very truck that carried the moneys on board that Philip J. Cresta and other men robbed from it with the messenger, Haines, on board at that time."

That statement and others made at the view by the prosecutor were improper. Counsel may direct the jury's attention to particular objects, but are not otherwise permitted to comment. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 29 (1923). *Snyder* v. *Massachusetts*, 291 U. S. 97, 118 (1934). Generally, an impropriety occurring on a view may be cured by cautionary instructions. *Commonwealth* v. *Madeiros*, 255 Mass. 304, 313 (1926). The defendant sought no cautionary instructions, nor did he make

timely objection to the improper commentary. Instead, at the conclusion of the view, he moved for a mistrial. The judge was not required to declare a mistrial. *Ibid.* Nor, in the light of the generality of the comment and the abundance of evidence to the same effect at the trial, can it be said that the defendant was substantially harmed by the episode. See *Snyder* v. *Massachusetts, supra.*

3. The defendant contends that the judge denied him his rights under the Sixth Amendment to the United States Constitution by unreasonably restricting the cross-examination of two key prosecution witnesses, Andrew DeLeary and John J. Kelley. Prior to the defendant's trial, DeLeary and Kelley had pleaded guilty to the robbery and had testified for the prosecution at the trial of five of the men indicted with the defendant. The defendant sought to impeach the credibility of DeLeary and Kelley by showing that one of the five, William Cresta, had been acquitted despite their testimony. The judge allowed inquiry into the substance of the witnesses' prior testimony, any inconsistent statements therein, and any promises of leniency made in exchange for that testimony. He refused to allow reference to the prior trial or its outcome.

Generally, the scope and extent of cross-examination rest in the discretion of the judge, and his rulings will not be disturbed on review unless substantial rights of the defendant are shown to have been prejudiced. *Commonwealth* v. *Greenberg,* 339 Mass. 557, 580-581 (1959), and cases cited. *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. at 714-715, and cases cited. Contrast *Commonwealth* v. *Graziano,* 368 Mass. 325, 329-331 (1975). The judge acted well within his discretion. The fact that William Cresta was acquitted in the earlier trial was not material to the witnesses' credibility or to the issue of the defendant's own guilt or innocence. *Burt* v. *United States,* 139 F. 2d 73, 76 (5th Cir. 1943), cert. den. 321 U. S. 799 (1943). *United States* v. *Toner,* 173 F. 2d 140, 142 (3rd Cir. 1949). *United States* v. *Musgrave,* 483 F. 2d 327, 333 (5th Cir. 1973), cert. den. 414 U. S. 1023, 1025 (1973). See also *United States* v. *Johnson,* 165 F. 2d 42, 46 (3rd Cir. 1947), cert. den. 332

U. S. 852 (1948). Three defendants in the earlier trial other than William Cresta had been found guilty, and the judge properly did not want the defendant's case "infected with any mention of any prior trials." See *United States* v. *Binger*, 469 F. 2d 275, 276 (9th Cir. 1972), and *United States* v. *Davis*, 487 F. 2d 112, 120 (5th Cir. 1973), cert. den. 415 U. S. 981 (1974).

For the same reasons, there was no error in the judge's refusal to allow reference to the prior trial and its outcome through the direct examination of William Cresta.

4. The defendant argues that he was denied a fair trial because the judge admonished defense counsel on several occasions. Two of the three instances cited by the defendant occurred at bench conferences out of the hearing of the jury, and no prejudice could have resulted.

The one instance which occurred in the presence of the jury was provoked by the conduct of the defendant's counsel. See *Commonwealth* v. *Lewis*, 346 Mass. 373, 378-79 (1963), cert. den. 376 U. S. 933 (1964), and *Commonwealth* v. *Haley*, 363 Mass. 513, 520-522 (1973). While it is preferable to admonish counsel out of the jury's hearing, some admonitions must inevitably be made in the jury's presence. *Commonwealth* v. *McLaughlin*, 352 Mass. 218, 227 (1967), cert. den. 389 U. S. 916 (1967). Here, as in the *Lewis, McLaughlin* and *Haley* cases, the judge cautioned the jury not to draw inferences from his rulings and comments to counsel: he instructed them that his comments should not be considered "as any indication as to my opinion as to how you should determine the issues of fact." The admonition heard by the jury did not prejudice the defendant or deny him a fair trial.

5. The defendant alleges that the judge committed error in refusing to disqualify himself for bias against defense counsel. The judge had become aware, in a prior, unrelated proceeding, of a possible conflict of interest in connection with defense counsel's representation of a grand jury witness, and he had advised the District Attorney to refer the matter to the appropriate authorities. The Board of Bar Overseers undertook an investigation, which was subse-

quently terminated by dismissal of the complaint but which was pending at the time of the defendant's trial.

The disciplinary investigation in question is not a type of controversy which requires disqualification for bias. The judge clearly had no personal stake in the outcome of the investigation, which was being conducted totally outside his control. In reporting possible misconduct by a member of the bar, the judge acted in accordance with S. J. C. Rule 3:25, Canon 3B(3) (b), 359 Mass. 844 (1972).[2] At a hearing on the defendant's motion, the judge stated that he was not in a position adverse to defense counsel and bore no prejudice toward him. See *King* v. *Grace,* 293 Mass. 244, 247 (1936); *Commonwealth* v. *Leventhal,* 364 Mass. 718, 722 (1974). Defense counsel's earlier conduct was not an issue at the defendant's trial and the judge was not called upon to pass on it. There is no basis for concluding that the prior incident affected the judge's ability to render impartial judgments. The instances of alleged bias cited by the defendant are without merit.

6. The defendant alleges error in the judge's charge to the jury on reasonable doubt, specifically in that portion of the charge where the judge stated that a reasonable doubt "is such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions in his life."

That analogy has been disapproved as potentially misleading in *Commonwealth* v. *Ferguson,* 365 Mass. 1, 11-12 (1974), *Commonwealth* v. *Coleman,* 366 Mass. 705, 712 (1975), and *Commonwealth* v. *Gilday,* 367 Mass. 474, 497-498 (1975). Although the latter two decisions had not been rendered at the time the trial judge charged the jury in the present case, it is now clear that use of the analogy must be avoided. In each case, however, the Supreme Judicial Court sustained a conviction because the use of the analogy was not considered prejudicial in the light of the

---

[2] S. J. C. Rule 3:25, Canon 3B provides in part: "(3) If a judge shall become aware of unprofessional conduct by a judge or a lawyer ... (b) in the instance of a lawyer, he shall initiate appropriate investigative or disciplinary measures."

jury instructions in their entirety. "It is not every expression in a charge falling short of our approval which is ground for sustaining exceptions." *Commonwealth* v. *Ramey*, 368 Mass. 109, 115 (1975), quoting *Commonwealth* v. *McDonald*, 264 Mass. 324, 336 (1928). The charge in this case did not dwell on the analogy by making reference to specific types of life's important transactions. See *Commonwealth* v. *Gilday, supra,* at 497. Cf. *Commonwealth* v. *Bumpus*, 362 Mass. 672, 681-682 (1972). Other portions of the charge emphasized the degree of certainty implied by the reasonable doubt standard in language similar to that approved in *Commonwealth* v. *Madeiros*, 255 Mass. 304, 307-308 (1926). See *Commonwealth* v. *Bjorkman*, 364 Mass. 297, 308-309 (1973). In the light of the charge in its entirety, we do not consider that the defendant was prejudiced by the portion objected to.

*Judgment affirmed.*