COMMONWEALTH *vs.* PHILIP J. CRESTA. March 14, 1978. The defendant was convicted of armed robbery. We affirmed the conviction on appeal, 3 Mass. App. Ct. 560 (1975). There was no error in the denial of the defendant's motion for a new trial. All matters raised in that motion were raised or could have been raised at trial (as defense counsel acknowledged at the hearing on the motion) or upon the ensuing appellate review. "[A] motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law which were actually raised at the trial and already reviewed by an appellate court or which could have been raised at the trial and in appellate review after trial but which were not so raised." *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973), and cases cited. The judge's consideration of the defendant's detailed affidavit in support of the motion and the judge's inquiries of defense counsel based thereon afforded the defendant an adequate opportunity to be heard. See *Commonwealth* v. *Coggins*, 324 Mass. 552, 557, cert. denied, 338 U.S. 881 (1949). The defendant's complaint that he was handicapped upon appeal from his conviction because of the unavailability of a transcript is belied by the record which makes it clear that the transcript was available more than two months prior to the entry of the appeal in this court.

*Order denying motion for new trial affirmed.*

*Lucious Dillon* for the defendant.
*Terrence D. Garmey*, Special Assistant District Attorney, for the Commonwealth.