COMMONWEALTH *vs.* THOMAS KING. April 9, 1980. The defendant has argued three groups of errors in the charge to the jury on this appeal from the denial of his motion for a new trial, which was filed shortly after the retirement of the trial judge (judge) and some five years after the defendant's convictions, from which he did not appeal. 1. None of the supposed errors in the first group was raised at trial, none of them was or is of constitutional dimensions (see *Earl* v. *Commonwealth,* 356 Mass. 181, 184 [1969]; *Lannon* v. *Commonwealth,* 379 Mass. 786, 788 [1980]), and none of them was properly before the motion judge. See *Commonwealth* v. *DiPietro,* 373 Mass. 369, 387-388 (1977); *Commonwealth* v. *Hill,* 375 Mass. 50, 53 (1978); *Commonwealth* v. *Cresta,* 6 Mass. App. Ct. 855 (1978). Some of the items in this group were argued orally at the hearing on the motion, but the bare denial of the motion is not to be taken as an indication that the motion judge ruled on the propriety of any or all of the items. *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 231 (1973). Contrast *Commonwealth* v. *Flemmi,* 2 Mass. App. Ct. 533, 535 (1974). A study of the trial transcript fails to suggest a substantial risk of a miscar-

riage of justice if we decline to consider the items in this group. Contrast *Commonwealth* v. *Hill*, 375 Mass. at 53; *Commonwealth* v. *Harrington*, 7 Mass. App. Ct. 665, 666-667 & n.3, further appellate review granted, 378 Mass. 800 (1979). However, we see no harm in saying that when the challenged items are considered in light of the evidence and taken in context (*Commonwealth* v. *Ramey*, 368 Mass. 109, 113-114 [1975]), they bear no resemblance to the charges condemned in *Commonwealth* v. *Sneed*, 376 Mass. 867, 872-873 (1978), and *Commonwealth* v. *Anslono*, *ante* 867, 868 (1980). 2. Nothing in the charge shifted the burden of proof (see *In re Winship*, 397 U.S. 358, 364 [1970]; *Mullaney* v. *Wilbur*, 421 U.S. 684, 704 [1975]; *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 687 [1976]) on the question of alibi. The judge specifically instructed that "alibi evidence is simply asserting that he knows nothing about the crimes, could not have committed them because he was elsewhere"; that "if you accept [the testimony of the alibi witnesses] and it casts a doubt in your mind that King was there, you must acquit him"; and that "there is no obligation upon a defendant to prove or establish his innocence or to produce evidence." Compare *Commonwealth* v. *McLeod*, 367 Mass. 500, 502 n.1 (1975). 3. Nothing in the charge diluted the Commonwealth's burden of proving the defendant guilty beyond a reasonable doubt. The general instructions on burden of proof and the meaning of reasonable doubt were cast in the mold of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). See *Commonwealth* v. *Ferreira*, 373 Mass. 116, 130 n.12 (1977); *Commonwealth* v. *Anslono*, *supra* at 868. The judge refrained from giving specific examples of important decisions which the jurors might be called upon to make in the conduct of their own affairs which might have trivialized the importance of the burden of proof. See *Commonwealth* v. *Ferreira*, 373 Mass. at 128-130; *Commonwealth* v. *Garcia*, 379 Mass. 422, 438-442 (1980), and cases cited. The judge instructed the jury that they must be satisfied beyond a reasonable doubt that King had been in the victim's apartment when the offenses had been committed and repeatedly instructed the jury that they must acquit King if they should entertain a reasonable doubt that he had been there during that period. The reasonable doubt test was specifically reiterated with respect to two of the more shocking offences the victim had attributed to King. And the judge summed up with the following: "You search for the truth, and when you have got the truth, if there is a reasonable doubt in your mind as to the guilt of any of these defendants, they are entitled to that doubt. So . . . if there is no reasonable doubt as to the guilt of these defendants and every essential ingredient of the crime has been proved to your satisfaction, you are to do your sworn duty."

*Order denying motion affirmed.*

*Willie J. Davis* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.