COMMONWEALTH *vs.* MIGUEL ALBIZU. February 26, 1981. Within a few minutes of a robbery of a gasoline station in Leominster at 5:00 A.M. on August 8, 1978, a police officer and his partner observed the two robbers walking away from the station. After a brief conversation with the victim, the officers drove in the direction of Route 2 along the path taken by the holdupmen. They lost sight of them momentarily, but heard a vehicle door slam and observed a vehicle take off in the eastbound lane. The two suspects and a third man were in the vehicle. A radio message from these officers brought more officers into the chase. Within minutes, the other officers stopped the vehicle whereupon they observed clothing

which matched some of the apparel reportedly worn by one of the robbers. After the men were ordered from the vehicle, a frisk of the defendant brought forth a knife from his pocket. The victim had previously reported that one man had a knife, that the other had a gun, and that one of them took money from the cash register. A search of the vehicle produced a gun and a roll of money. The victim was brought to the highway where the suspects were in the police cruiser and said, "That's them." At a later time, the victim was somewhat diffident about identifying the defendant. A motion to suppress the items seized from the defendant and from the vehicle in which they were found, and also a motion to suppress the victim's pretrial and in-court identifications of the defendant, were denied.

The denials of these motions together with the judge's instruction on reasonable doubt and the imposition of a sentence on the defendant substantially more severe than that imposed on a codefendant who pleaded guilty constitute the defendant's assignments of error. There was no error.

1. If ever police officers had "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed]" (*Terry* v. *Ohio*, 392 U.S. 1, 21 [1968]), them in stopping a vehicle, they were present on this occasion. See *Commonwealth* v. *Riggins*, 366 Mass. 81, 86-87 (1974). This case is strikingly similar to *Commonwealth* v. *Johnson*, 6 Mass. App. Ct. 944, 945-946 (1978), in which this court approved of the stopping and searching of a motor vehicle. 2. The defendant has failed to carry his initial burden of demonstrating by a preponderance of the evidence that the victim's confrontations with the defendant were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Commonwealth* v. *DeBrosky*, 363 Mass. 718, 725-726 (1973), citing *Simmons* v. *United States*, 390 U.S. 377, 384 (1968). The victim had five or six minutes during the holdup to observe the defendant in a well illuminated service station. He gave an accurate description of the defendant to the police. Contrast *Commonwealth* v. *Moon*, 380 Mass. 751, 756 (1980). 3. We have read the entire charge to the jury with care and find no substantial errors. There is language from *Commonwealth* v. *Madeiros*, 255 Mass. 304, 307 (1926), that might have been better left unrepeated, but the defendant failed to object to it. See *Commonwealth* v. *Wood*, 7 Mass. App. Ct. 455, 457-458 (1979), S.C. 380 Mass. 545, 547 (1980). We find no miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). 4. There is no merit to the defendant's argument concerning an improper disparity in sentencing. The trial judge has broad discretion in this regard. *Commonwealth* v. *Longval*, 378 Mass. 246, 252 (1979).

*Judgment affirmed.*

*Donald D. Deren* for the defendant.

*Lynn Morrill Turcotte*, Assistant District Attorney, for the Commonwealth.