COMMONWEALTH *vs.* HENRY TAMELEO.

Suffolk.   May 5, 1981. — August 13, 1981.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Instructions to jury.

At the trial of indictments charging a defendant with being an accessory
   before the fact to murder and with conspiracy to commit murder, the
   judge's instructions concerning malice in language similar to that
   subsequently found to violate due process in *Sandstrom* v. *Montana,*
   442 U.S. 510 (1979), did not prejudice the defendant where the only
   issue contested by him at trial was one of identification.  [369-370]
At a criminal trial, the judge's instructions concerning the standard of
   proof required of the Commonwealth, taken in their entirety, ade-
   quately reflected the seriousness of the duty imposed on the jurors de-
   spite the judge's use of personal decision-making examples.  [370-371]


INDICTMENTS found and returned in the Superior Court
on October 25, 1967.

A motion for a new trial filed on September 5, 1979, was
heard by *Keating,* J.

The defendant was allowed to appeal to the Supreme Ju-
dicial Court by *Liacos,* J.

*Anthony M. Traini* for Henry Tameleo.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for
the Commonwealth.

*Stephen R. Delinsky & Barbara A. H. Smith,* Assistant
Attorneys General, for the Attorney General, amicus
curiae, submitted a brief.

*Andrew Good,* for Massachusetts Association of Criminal
Defense Lawyers, amicus curiae, submitted a brief.

ABRAMS, J.   The defendant was convicted in July, 1968,
on indictments charging accessory before the fact to murder
and two separate conspiracies to commit murder.  We af-
firmed the defendant's convictions and those of his code-

fendants in *Commonwealth* v. *French*, 357 Mass. 356 (1970), judgments vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972).

Following some unsuccessful appellate and postconviction remedy attempts,[1] the defendant filed a third motion for a new trial on September 5, 1979. After hearing, the motion was denied by a judge of the Superior Court. A single justice of this court allowed the defendant's application for leave to appeal to the full court pursuant to the provisions of G. L. c. 278, § 33E.[2] We affirm the order denying the defendant's motion for a new trial.

The facts of this case are set forth in *Commonwealth* v. *French, supra*. In this appeal, the defendant argues that instructions by the trial judge to the jury pertaining to malice and reasonable doubt were prejudicially erroneous in light of decisions of this court and the Supreme Court of the United States issued after the defendant's trial and direct appeal. In particular, the defendant asserts that the malice instructions created a mandatory presumption in favor of the Commonwealth, thereby shifting the burden of proof on that issue to him, see *Commonwealth* v. *Pisa, ante* 362, 363-364 (1981), and cases cited, and that the use of personal decision-making examples in instructing the jurors on rea-

---

[1] The defendant filed motions for a new trial in 1970 and 1972. A petition for habeas corpus filed in the United States District Court for the District of Massachusetts in 1974 was dismissed in 1975, and that dismissal was affirmed by the Court of Appeals for the First Circuit. *Grieco* v. *Meachum*, 533 F.2d 713 (1st Cir.), cert. denied sub nom. *Cassesso* v. *Meachum*, 429 U.S. 858 (1976).

[2] The single justice determined that the cases on which Tameleo relies, namely *Sandstrom* v. *Montana*, 442 U.S. 510 (1979), and *Commonwealth* v. *Ferreira*, 373 Mass. 116 (1977), had not been decided at the time of Tameleo's last postconviction proceeding and that, therefore, he should not be barred from appealing the denial of his motion for a new trial. G. L. c. 278, § 33E. See *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 248 (1980) (a defendant is not barred "from raising claims whose constitutional significance was not established until after the petitioner's trial and appeal"). *Id.*, quoting from *LeBlanc* v. *Commonwealth*, 363 Mass. 171, 173-174 (1973). See *Lannon* v. *Commonwealth*, 379 Mass. 786, 787-788 (1980). Cf. *Commonwealth* v. *Pisa, ante* 362, 363-364 (1981).

sonable doubt trivialized the standard of proof requirement, *Commonwealth* v. *Garcia*, 379 Mass. 422, 438-442 (1980); *Commonwealth* v. *Ferreira*, 373 Mass. 116 (1977).

The defendant asserts that the language in the charge similar to the language found to be violative of due process in *Sandstrom* v. *Montana*, 442 U.S. 510 (1979), created a presumption of malice and thereby constitutes reversible error in his case. We do not agree.

Malice was not an issue at the defendant's trial. The victim, Edward Deegan, was found with six gunshot wounds inflicted by "[a]t least three different weapons." *Commonwealth* v. *French*, 357 Mass. 356, 362 (1970). The only issue seriously contested by Tameleo at his trial was the identification of him by two witnesses, Baron and Fitzgerald, as one of the persons responsible for the murder. See *Commonwealth* v. *French, supra* at 391-393. Where identity of the perpetrator is the contested issue "the failure to object to the charge as to malice cannot be attributed to inadvertence or lack of knowledge of evolving constitutional doctrine. Rather, the failure to object reflects a conscious choice of trial strategy by defense counsel." *Commonwealth* v. *Pisa, supra* at 383, quoting from *Commonwealth* v. *Lee*, 383 Mass. 507, 512 (1981). In these circumstances, the defendant has failed to show either a connection between the challenged instructions and the danger of grave prejudice, or a substantial likelihood that a miscarriage of justice has occurred. See *Commonwealth* v. *Roberts*, 378 Mass. 116, 122-123 (1979).

Tameleo does not claim error in the definition of the reasonable doubt standard apart from the use of personal decision-making examples. Any complaint as to the sufficiency of the definition could have and should have been raised at trial and in the first appeal. See *Commonwealth* v. *Maddocks*, 207 Mass. 152, 156 (1910). See generally *Commonwealth* v. *Pisa, supra* at 364-366.

The defendant does claim that the use of personal decision-making examples in the charge so trivialized the standard of proof required of the Commonwealth as to require reversal of his convictions. This is the first genuine oppor-

tunity this defendant has had to raise this issue and hence we consider it. See note 2, *supra.* We "have never held . . . that the use of specific examples necessarily imports error, constitutional or otherwise." *Commonwealth* v. *Smith,* 381 Mass. 141, 145 (1980). *Commonwealth* v. *Grace,* 376 Mass, 499, 500-501 (1978). See *Bumpus* v. *Gunter,* 635 F.2d 907, 912 (1st Cir. 1980); *Grace* v. *Butterworth,* 635 F.2d 1, 6 (1st Cir. 1980). We decline to depart from that principle.

The defendant did not object to the now challenged portion of the charge at trial. In the absence of an objection, our consideration is limited to the impression made by the instruction as a whole. "Error in a charge is determined by reading the charge as a whole, and not by scrutinizing bits and pieces removed from their context." *Commonwealth* v. *Cundriff,* 382 Mass. 137, 153 (1980). Therefore, we "view the charge in its entirety since the adequacy of instructions must be determined in light of their over-all impact on the jury." *Commonwealth* v. *Sellon,* 380 Mass. 220, 231-232 (1980). *Commonwealth* v. *Garcia,* 379 Mass. 422, 441 n.12 (1980).

The charge imposed in this case adequately reflected the seriousness of the duty imposed on the jurors. The judge clearly instructed the jury on several occasions that they must be satisfied that the Commonwealth had proved each element of the crimes charged beyond a reasonable doubt, and that the defendants came to court protected by a presumption of innocence. The charge emphasized the "great responsibility" of the jurors to ascertain the truth from the evidence presented, and generally impressed on the jurors the caution and care they must exercise before returning any verdict against any defendant. We conclude that, read in its entirety, "the charge here did not so trivialize the concept of proof beyond a reasonable doubt as to require reversal of the conviction." *Commonwealth* v. *Smith,* 381 Mass. 141, 146 (1980).

The order denying the defendant's motion for a new trial is affirmed.

*So ordered.*