COMMONWEALTH *vs.* PHILIP J. CRESTA & another. June 30, 1983. *Practice, Criminal,* Instructions to jury, New trial, Sentence.

Philip J. Cresta and Carmello Merlino were convicted in separate trials of armed robbery arising out of the same incident. See *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693 (1974); *Commonwealth* v. *Cresta,* 3 Mass. App. Ct. 560 (1975). Their present appeals are from denials of their motions for new trials pursuant to Mass.R.Crim.P. 30, 378 Mass. 900 (1979). Cresta was sentenced to a prison term of twenty-five to forty years at M.C.I. Walpole and he is appealing from the denial of his third motion for a new trial. Merlino assigns as error the trial judge's instructions on reasonable doubt and on witness credibility. Cresta assigns as error the trial judge's instruction on reasonable doubt. In addition, Cresta asserts that the motion judge erred in denying his motion for leave to appeal from the denial of his prior motion for a new trial, and asserts that the length of the sentence imposed in his case was improper.

1.  The charges on reasonable doubt were given by the same judge in both trials and were similar. The defendant Merlino contends that the trial judge erred in equating a reasonable doubt with a doubt "based upon a reason," and in referring to personal decision-making by comparing a reasonable doubt with "such a doubt as would cause a reasonable person to hesitate or pause in the grave or important transactions in his life." An almost identical reference to personal decision-making was made at Cresta's trial, and Cresta maintains that this was erroneous.

The instructions on reasonable doubt in Merlino's case were not objected to at trial, and the instructions on reasonable doubt in Cresta's case

have already received appellate review. See *Commonwealth* v. *Cresta,* 3 Mass. App. Ct. at 565-566. However, since the errors claimed by the defendants were reviewed on the merits by the motion judge on the basis that their arguments are largely premised upon case law which has been handed down since the time of their trials, we consider their arguments in this appeal. See *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973); *Commonwealth* v. *Garcia,* 379 Mass. 422, 439-440 (1980); *Commonwealth* v. *Tameleo,* 384 Mass. 368, 370-371 (1981).

The use of the expression "doubt based upon a reason" has been upheld, although not recommended. See *Commonwealth* v. *Bjorkman,* 364 Mass. 297, 308-309 (1973); *Commonwealth* v. *Hughes,* 380 Mass. 596, 600-602 (1980); *Commonwealth* v. *Robinson,* 382 Mass. 189, 197-198 (1981). Cf. *Dunn* v. *Perrin,* 570 F.2d 21, 23-24 (1st Cir. 1978). Furthermore, while it is true that references to specific personal decision-making situations in the jurors' lives are to be avoided in instructions on reasonable doubt (*Commonwealth* v. *Ferreira,* 373 Mass. 116, 130 [1977]), the major thrust of such criticism is directed at references to specific examples that detract from the seriousness of the jurors' decision in a criminal case. See *Commonwealth* v. *Ferreira,* 373 Mass. at 129; *Commonwealth* v. *Williams,* 378 Mass. 217, 232 (1979); *Commonwealth* v. *Garcia,* 379 Mass. at 440. *Commonwealth* v. *Tameleo,* 384 Mass. at 370-371. In the instant cases, the judge did not list specific examples. The type of reference made to "grave or important transactions" was similar to the charge upheld in *Commonwealth* v. *Williams,* 378 Mass. at 232. It did not result in trivializing the jury's duty. Contrast *Commonwealth* v. *Ferreira,* 373 Mass. at 129. Reviewing the instructions in light of the fact that they were given before the *Ferreira* case was decided, and reading the charge as a whole, we find no reversible error. See *Commonwealth* v. *Garcia,* 379 Mass. at 441; *Commonwealth* v. *Grace,* 381 Mass. 753, 758 (1980).

2. Merlino contends that the trial judge erred in his instructions on the credibility of a witness. The motion judge, in his discretion, considered this issue and we will address it on appeal. *Commonwealth* v. *McLaughlin,* 364 Mass. at 229. The defendant introduced evidence that the Commonwealth had promised one Kelley, its key witness, that a favorable sentence would be recommended in his case in exchange for cooperation. In light of this, Merlino contends that the trial judge's statements that "no promise or inducement that may be made by anybody is binding on this Court," and that "there is no assurance that anybody is going to get a tap on the wrist as a result of any promises made by anybody in this case" constituted error because they enhanced Kelley's credibility and gave an erroneous impression about the judge's intentions on sentencing Kelley. The judge, in fact, placed Kelley's case on file when he was sentenced six years later, after having cooperated on other cases with Federal authorities. It is, of course, improper for a judge to give his opin-

ion on the credibility of witnesses in a trial. *Commonwealth* v. *Barry,* 9 Allen 276, 277-279 (1864). *Commonwealth* v. *Cote,* 5 Mass. App. Ct. 365, 369 (1977). However, "[t]here is nothing improper in a judge's pointing out factors to be considered by the jury in weighing the credibility of oral testimony so long as he does so fairly, gives the jury no indication of whom he believes, and clearly places the function of ultimate appraisal of the testimony on the jury." *Commonwealth* v. *Rodriguez,* 6 Mass. App. Ct. 738, 742-743 (1978), S.C., 378 Mass. 296 (1979). *Commonwealth* v. *Avery,* 14 Mass. App. Ct. 137, 142 (1982). The judge's charge on credibility in the instant case did not contain any expression of his opinion of Kelley's credibility, and emphasized that the jury was the sole body to determine witness credibility. The comments raised as error correctly stated the law that the court, and the court alone, has the final decision on sentencing.

3. Cresta asserts that the motion judge erred in impliedly denying his motion for leave to appeal the denial of a prior motion for a new trial. Cresta maintains that he attempted to file an appeal from the denial of his prior motion for a new trial within the time limit allowed under Mass.R.A.P. 4, as appearing in 378 Mass. 928 (1979), but that a clerical error was made which effectively blocked his appeal. The motion for leave to appeal was brought beyond the time limit mandated under Mass.R.A.P. 4 for an extension of time for filing a notice of appeal due to excusable neglect. In addition, the motion judge need not have believed that Cresta had filed a timely notice of appeal which was not reflected on the docket due to clerical error. However, since we take notice of the fact that Cresta's prior pro se motion for a new trial attacked the length of his sentence, and since both the defendant and the Commonwealth briefed and argued this issue on the merits, we express our opinion that there was no error in the sentencing. The sentence imposed was within the statutory limits. G. L. c. 265, § 17. See *Commonwealth* v. *Celeste,* 358 Mass. 307, 310 (1970); *Commonwealth* v. *Franks,* 365 Mass. 74, 81 (1974); *Commonwealth* v. *Longval,* 378 Mass. 246, 252 (1979). The record does not support the defendant's contention that the sentence was imposed as punishment for exercising the right to a jury trial. See *Commonwealth* v. *Letters,* 346 Mass. 403, 405 (1963). The trial judge has broad discretion in imposing sentences, and there was no abuse of that discretion in the instant case. See *Commonwealth* v. *Longval,* 378 Mass. at 252; *Commonwealth* v. *Albizu,* 11 Mass. App. Ct. 951, 952 (1981).

*Orders affirmed.*

*Michael S. Gallagher* for Carmello Merlino.
*John J. Connell* for Philip J. Cresta.
*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.