UNITED STATES of America,
Plaintiff/Appellee,

v.

Joseph D. SOLOMON,
Defendant/Appellant.

No. 85–1112.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1986.

Decided July 25, 1986.

Sandra Teters, Sanford Svetcov, Asst. U.S. Attys., San Francisco, Cal., for plaintiff/appellee.

Judd C. Iversen, Linda Leavitt, San Francisco, Cal., for defendant/appellant.

Before PREGERSON, POOLE, and JOHN T. NOONAN, Jr., Circuit Judges.

NOONAN, Circuit Judge.

Joseph D. Solomon was convicted of counterfeiting currency in violation of 18 U.S.C. § 471 and with conspiracy to counterfeit under 18 U.S.C. § 371. We affirm his conviction.

*Events.* The evidence introduced at trial, when viewed in the light most favorable to the prosecution as seen by a reasonable juror, *see United States v. Hodges,* 770 F.2d 1475, 1478 (9th Cir.1985), establishes the following course of events: Solomon initiated a plan to counterfeit United States currency. He recruited confederates. He provided $2,000 in genuine bills to be photographed for the counterfeiting operations. He bought the film, took the pictures, and assisted in developing the photos. He purchased blank plates on which an impression of the photographed bill was placed. He housed on his own property the printing press that would print the bills. He caught the bills as they came off the press and stacked them. He helped repair the press.

He and his confederates produced $400,000 in bogus bills. Federal agents found the printing press, reams of paper, ink, and printing paraphernalia in a delivery truck on Solomon's property, 25 yards from his house. Counterfeiting plates were found hidden in a piano which was donated to the Salvation Army by Mrs. Solomon. Solomon's fingerprints were found on a number of the counterfeit bills.

During the instructions the court made a passing reference to co-defendants Eddie Prather and Ron Riley who did not testify at trial:

Now this case has been disposed of as to defendants Eddie Prather, Ron Rile and Kyle Kennedy. Mr. Kennedy has not been sentenced, but he has pleaded guilty to one count. Indeed, none of the others as yet have been sentenced; they come before me at some future time. Those gentlemen are no longer of concern to you, and you should not speculate on the reason why their cases resulted in guilty plea, and the disposition of their case should not control or influence your verdict as to Mr. Solomon. And you must base your verdict as to Mr. Solomon solely on the evidence that there is presented here against him.

*Issues.* On this appeal, Solomon principally contends that he was prejudiced by the trial court's reference to the fact that three of his co-defendants had pleaded guilty. He also claims that he was denied the effective assistance of counsel.

*Analysis.* We have recognized the potential prejudice to a defendant from informing the jury of a co-defendant's guilty plea. *See United States v. Halbert,* 640 F.2d 1000, 1005 (9th Cir.1981) (per curiam). However, we have also recognized that "the trier of fact should know the witness' total connection to the defendant or to the event," and will permit introduction of the co-defendant's guilty plea as evidence of the co-defendant/witness' credibility. *Id.* Of course, the plea may not be admitted as substantive evidence of the defendant's guilt. *Id.* at 1004. *See also United States v. Binger,* 469 F.2d 275, 276

(9th Cir.1972); *Baker v. United States*, 393 F.2d 604, 614 (9th Cir.), *cert. denied*, 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106 (1968). Absent an objection by the defendant, we will only reverse an incorrect admission of a co-defendant's guilty plea for plain error. *See United States v. Tamura*, 694 F.2d 591, 602 (9th Cir.1982); *United States v. Canaday*, 466 F.2d 1191, 1192 (9th Cir.1972).

Here, one co-defendant, Kyle Kennedy, had testified, and the jury knew that he had pled guilty. Neither of the other two co-defendants testified, and although their names arose in connection with Solomon's allegedly criminal activities, the district judge's reference to them was not germane to the issue before the jury and could not have been prejudicial to Solomon. Cf. *Lee v. Illinois*, —— U.S. ——, 106 S.Ct. 2056, 2063–66, 90 L.Ed.2d 514 (1986) (confession of non-testifying co-defendant not admissible as substantive evidence of guilt, but conviction may stand if error is harmless).

■ The trial court instructed the jury that Kennedy's guilty plea was not evidence against Solomon and that Solomon was to be judged only on the evidence presented against him. In the light of the overwhelming evidence of his guilt, the reference to the other guilty pleas was harmless. It was not objected to by trial counsel. It was neutralized by the court's cautionary instructions. It falls very far short of the egregiousness required to constitute plain error. *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 1046–47, 84 L.Ed.2d 1 (1985).

■ As to assistance of counsel, Solomon was well-represented. To sustain a claim of unconstitutionally ineffective assistance of counsel, Solomon must show both that, in the light of all the circumstances, his counsel's performance fell below an objective standard of reasonableness, *and* that there is a reasonable possibility that, but for his attorney's errors, the verdict would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984). Solomon failed on both counts.

With his prints on the bills and the plates in his piano Solomon was not in the least hurt by the minor decisions made by counsel in the course of trial.

The government concedes that there must be a remand for resentencing in compliance with Fed.R.Crim.P. 32(c)(3)(D). Solomon and his counsel both will be given the opportunity to review and discuss the presentence report. Consistent with Rule 32(c)(3)(D), the district court should permit Solomon to challenge any factual inaccuracy in the report. The record before the district court should then show (1) that the defendant and his counsel have read and discussed the report or waived this opportunity; (2) that the court has found disputed facts on which it relies in sentencing; (3) that the court disclaims reliance on disputed facts on which it does not rely in sentencing.

AFFIRMED and remanded for resentencing.