985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dion Pernell JONES, Defendant-Appellant.
 No. 91-50380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Decided Feb. 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-89-841, Laughlin E. Waters, District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Dion Pernell Jones appeals his convictions for conspiracy to possess with the intent to distribute PCP within 1000 feet of a school, possession with the intent to distribute PCP within 1000 feet of a school, and distribution of PCP within 1000 feet of a school. He complains that the district court erroneously informed the jury that his codefendant pled guilty to the same offenses, and that the prosecutor used the codefendant's plea as substantive evidence of Jones' guilt. We agree, and we reverse for a new trial.
 
 FACTS
 
 3
 An undercover agent of the California Department of Justice made three controlled purchases of PCP from Muzette Holiday, who was Jones' codefendant in this case. Jones was present during the third buy. Although Jones was not present during the first two buys, Holiday had another man present acting as her bodyguard. The police arrested Jones and Holiday after the third transaction.
 
 
 4
 A grand jury named Holiday in each count of an eight count indictment; Jones was named in three counts. Before their joint trial, Holiday pled guilty to every count but one, including those counts that charged Jones with conspiracy to distribute PCP and distribution of PCP. Jones asked the court not to inform the jury that Holiday had already pled guilty, or in the alternative to instruct the jury not to use Holiday's plea against him. However, during vior dire, the district court told the jury that Holiday had already pled guilty to every count but one. The court did not give the jury a limiting instruction.
 
 
 5
 At trial, the district court permitted the prosecutor to mention Holiday's plea during her opening statement. In addition, during closing argument the prosecutor argued that Holiday's plea was proof of the existence of a conspiracy. Jones' attorney did not object to either comment. The jury found Jones guilty on each count.
 
 DISCUSSION
 Admission of Jones' Guilty Plea
 
 6
 A guilty plea of a codefendant "may not be offered by the government and received over objection as substantive evidence of the guilt of those on trial." United States v. Smith, 790 F.2d 789, 793 (9th Cir.1986) (citing United States v. Halbert, 640 F.2d 1000, 1004 (9th Cir.1981)). " 'This and other circuits have consistently recognized that, under proper instruction, evidence of a guilty plea may be elicited by the prosecutor on direct examination so that the jury may assess the credibility of the witnesses....' Even where the government's use of a co-defendant's guilty plea is permissible, the trial court is obliged to deliver 'adequate cautionary instructions that make it clear to lay people that evidence of a witness' own guilty plea can be used only to assess credibility.' " Id. (citing Halbert, 640 F.2d at 1006).
 
 
 7
 The government argues that the court told the jury about Holiday's plea in order to avoid confusion, but even if this were a permissible use it cannot excuse the prosecutor's remarks during closing argument. The record in this case establishes that the court allowed the government to use Holiday's plea as substantive evidence of Jones' guilt. The fact that the judge never gave any limiting instruction compounds the error.
 
 
 8
 The government cites cases from the Ninth Circuit which have upheld the introduction of a codefendant's guilty plea. These cases are distinguishable from the case at bar because in each instance at least one of the codefendants testified, whereas Holiday did not. See United States v. Solomon, 795 F.2d 747, 749 (9th Cir.1986); Smith, 790 F.2d at 793; United States v. Tamura, 694 F.2d 591, 602 (9th Cir.1982). Moreover, in Smith the district court gave a limiting instruction, and in Tamura defense counsel, not the judge or the prosecutor, told the jury about the codefendant's plea. Smith, 790 F.2d at 793; Tamura, 694 F.2d at 602.
 
 
 9
 Because the district court erroneously admitted Holiday's guilty plea without a limiting instruction and allowed the government to use Holiday's guilty plea against Jones, we reverse his convictions and remand for a new trial.
 
 Admission of Coconspirator's Statement
 
 10
 Jones also appeals the admission of two statements by Holiday as a coconspirator's statement under Fed.R.Evid. 801(d)(2)(E). Because we remand for a new trial we address this issue.
 
 
 11
 The district court permitted the undercover agent to testify (1) that prior to the final transaction Holiday told him over the phone that someone would be there "for" her, and (2) that immediately before the sale she said, "This is Dion. He is here for me." Jones objected.
 
 
 12
 A trial court may admit a coconspirator's statement if the government can prove by a preponderance of the evidence the existence of a conspiracy, the defendant's connection to it, and that the statement was made during and in furtherance of the conspiracy. Bourjailly v. United States, 483 U.S. 171, 176 (1987). Once the government has established the existence of the conspiracy, it only needs to present slight evidence connecting the defendant to the conspiracy. United States v. Crespo de Llano, 838 F.2d 1006, 1017 (9th Cir.1988).
 
 
 13
 A coconspirator's out-of-court statement, standing alone, is insufficient to establish that a defendant had knowledge of and participated in a particular conspiracy. United States v. Gordon, 844 F.2d 1397, 1402 (9th Cir.1988). There must be "some evidence aside from the proffered co-conspirator's statements." United States v. Silverman, 861 F.2d 571, 577 (9th Cir.1988).
 
 
 14
 The government in this case did provide some evidence aside from the statements which indicate that a conspiracy existed and that Jones was connected to it. Therefore it was not error to admit the statements.
 
 
 15
 We REVERSE and REMAND for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3