**Donald G. SAGER, Petitioner,**

v.

**Manfred MAASS, Respondent.**

**Nos. CA 95–35300, CV 92–1110–PA.**

United States District Court,
D. Oregon.

Sept. 8, 1995.

Anthony Bornstein, Assistant Federal Public Defender, Portland, OR, for Petitioner.

Theodore R. Kulongoski, Attorney General, Lynn David Larsen, Assistant Attorney General, Department of Justice, Salem, OR, for Respondent.

## ORDER

PANNER, District Judge.

I granted Donald G. Sager's petition for habeas relief. Respondent appealed. The Ninth Circuit granted respondent's motion for a limited remand. On remand, I conclude that there is no need to clarify the opinion.

## DISCUSSION

Respondent contends that I used an incorrect "reasonable possibility" test in determining that petitioner was prejudiced by his trial attorney's mistakes. *Sager v. Maass,* 907 F.Supp. 1412, 1421 (D.Or.1995) ("there is a reasonable possibility that the ten jurors who voted to convict were improperly swayed by the prejudicial references to petitioner"). Respondent contends that I might reach a different conclusion under a "reasonable probability" test.

Respondent's distinction between "probability" and "possibility" is logical but wrong. It's true that a defendant "must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result ... would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984) (emphasis added). However, the *Strickland* Court defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome," *id.,* "expressly reject[ing] a more-likely-than-not outcome-determinative standard." *Matthews v. Rakiey,* 54 F.3d 908, 916 n. 2 (1st Cir.1995). A commentator has shown the fallacy of respondent's argument:

> The second sentence of this explanation [i.e., the *Strickland* Court's definition of reasonable probability] is essential to dis-

pel a misconception which might otherwise be created by the first. The words "reasonable probability" might be read to be outcome-determinative—probably defendant would have been acquitted but for his lawyer's mistake. Yet this is the very test that the majority found to be too stringent. By defining a "reasonable probability" as one which undermines confidence in the verdict, *the Court was in effect requiring a reasonable possibility rather than a probability that the result would have been different.*

Maria L. Marcus, *Federal Habeas Corpus After State Court Default: A Definition of Cause and Prejudice,* 53 Fordham L.Rev. 663, 701–02 (1985) (footnotes omitted) (emphasis added).

Words mean what the Supreme Court says they mean. In this context, there is no difference between a "reasonable possibility" and a "reasonable probability." *See Morrison v. Kimmelman,* 650 F.Supp. 801, 807 (D.N.J.1986) ("The [*Strickland* Court's] use of the phrase 'reasonable probability,' rather than 'reasonable possibility,' does not seem to make much, if any, change."). That may explain why other courts, including the Ninth Circuit, have used the phrase "reasonable possibility" when determining prejudice under *Strickland. United States v. Solomon,* 795 F.2d 747, 749 (9th Cir.1986) (defendant must show "a reasonable possibility that, but for his attorney's errors, the verdict would have been different"); *United States v. Faubion,* 19 F.3d 226, 230 (5th Cir.1994) ("Without a showing of reasonable possibility, Faubion has failed to establish the requisite prejudice to sustain an ineffectiveness of counsel claim."); *United States v. Guerrero,* 938 F.2d 725, 727 (7th Cir.1991) ("reasonable possibility"); *Foster v. Delo,* 39 F.3d 873, 882–83 (8th Cir.1994) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 1719, 131 L.Ed.2d 578 (1995); *Jones v. Stotts,* 59 F.3d 143, 147 (10th Cir.1995); *Heath v. Jones,* 941 F.2d 1126, 1140 (11th Cir.1991), *cert. denied,* 502 U.S. 1077, 112 S.Ct. 981, 117 L.Ed.2d 144 (1992); *but see Poyner v. Murray,* 964 F.2d 1404, 1420–21 (4th Cir.) (distinguishing between "a mere possibility" and "a reasonable probability"), *cert. denied,* 506 U.S. 958, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992).

## CONCLUSION

There is no need to clarify the opinion. Even if "reasonable probability" could somehow be considered stricter than "reasonable possibility," I would reach the same result.