COMMONWEALTH *vs.* LOUIS GRECO. August 13, 1981. Louis Greco, a codefendant of Henry Tameleo, see *Commonwealth* v. *Tameleo, ante* 368 (1981), was granted leave by a single justice of this court to appeal from an order of the Superior Court denying his motion for a new trial. He claims that the trial judge's instructions to the jury (1) created a mandatory presumption of malice, shifting the burden of proof to the defendant, see *Sandstrom* v. *Montana*, 442 U.S. 510 (1979); (2) trivialized the jury's duty through the use of personal decision-making examples in the definition of the reasonable doubt standard, see *Commonwealth* v. *Ferreira*, 373 Mass. 116 (1977); (3) shifted the burden of proof to the defendant to

prove alibi, see *Commonwealth* v. *McLeod,* 367 Mass. 500 (1975); and (4) otherwise incorrectly explained the burden of proof.

For the reasons stated in *Commonwealth* v. *Tameleo, supra,* and *Commonwealth* v. *Pisa, ante* 362 (1981),[1] we conclude that the order of the Superior Court judge denying the defendant's motion for a new trial should be affirmed.

*So ordered.*

*John Cavicchi* for Louis Greco.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.

*Stephen R. Delinsky & Barbara A. H. Smith,* Assistant Attorneys General, for the Attorney General, amicus curiae, submitted a brief.

*Andrew Good,* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.


---

[1] With the exception of the Sandstrom issue, all of the defendant's claims of error could have been raised at least by the time of his third motion for a new trial (1978). "The repeated failures of counsel to raise the point[s] suggest that [they were] not thought to be critical." *Commonwealth* v. *Grace,* 381 Mass. 753, 760 (1980).

