COMMONWEALTH *vs.* EVERETT L. SHERMAN. August 13, 1982. Following a jury trial the defendant was found guilty on two complaints of breaking and entering a building in the daytime with intent to commit a felony and one complaint of larceny from a building. The defendant appeals and claims error with respect to the following matters: (1) the denial of his suppression motion, and (2) the denial of his motion to dismiss the complaints, based on prosecutorial misconduct.

1. *The denial of the suppression motion.* Before trial the defendant filed a motion to suppress all statements made by him to the police. As grounds for the suppression motion, the defendant cited alleged violations of the Fifth and Sixth Amendments to the United States Constitution and those were the subject of the evidence presented at the suppression hearing. After the hearing, the judge made findings and denied the motion. On appeal, the defendant attacks the denial of his motion to suppress on a ground not raised before the trial judge, namely that there was a violation of the Fourth Amendment to the United States Constitution because the defendant was detained and interrogated without probable cause.[1] *Dunaway* v. *New York*, 442 U.S. 200 (1979). For over a decade the Supreme Judicial Court has disapproved of the practice of raising a question of law for the first time on appeal. *Commonwealth* v. *Baldassini*, 357 Mass. 670, 674 (1970). *Commonwealth* v. *Cote*, 386 Mass. 354, 358-359 n.6 (1982) ("The defendant claims for the first time on appeal that his Fourth Amendment rights were violated because he was held without probable cause . . . . This issue was not raised below and, therefore, cannot be raised on appeal"). Even if we review under the standard of a substantial risk of miscarriage of justice (see *Commonwealth* v. *Scala*, 380 Mass. 500, 509 [1980]), there would be no error in the denial of the suppression motion. In addition, the ground was waived under Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979). *Dunaway* v. *New York, supra,* was decided seventeen months before the date of the filing of the suppression motion. It is obvious from a reading of the suppression motion and affidavit that defense counsel, at the time of the filing of the motion, was acquainted with the circumstances of the defendant's detention and interrogation. Therefore, the alleged violation of the Fourth Amendment was "available" as a ground and "known" at the time the suppression motion

---

[1] The defendant dropped the Sixth Amendment as a ground on appeal.

was filed and thus, the ground not being stated, it is "deemed to have been waived." Mass.R.Crim.P. 13(a)(2).

In regard to his claim — which was raised at the suppression hearing — that his Fifth Amendment rights were violated during his interrogation, the defendant argues that his suppression motion should have been allowed because the police did not inform him of the availability of counsel and, therefore, his statement was obtained without the intelligent, voluntary, or knowing waiver required by *Miranda* v. *Arizona*, 384 U.S. 436, 444 (1966). We are mindful that we must indulge every reasonable presumption against waiver and that a heavy burden rests on the Commonwealth to prove a waiver. *Commonwealth* v. *Watkins*, 375 Mass. 472, 485 (1978). We have the judge's findings before us, and in instances where the evidence is uncontradicted and not dependent on the credibility of witnesses we may supplement his findings. The judge found that the defendant had been assigned a member of the Massachusetts Defenders Committee to represent him in an unrelated criminal matter, prior to his interrogation in this case. On the day that he was interrogated, the police officer who was in charge of the investigation saw the defendant's attorney and informed her that he was looking for the defendant in connection with a house break. The attorney asked the police officer to inform her where and when the interrogation would take place, as she wished to be present. Although the judge made no specific finding on the point, the uncontradicted evidence is that the police officer did not agree to the attorney's request. Shortly after this conversation took place, the defendant was questioned by the police officer. Prior to the questioning, the defendant was informed that he was a suspect, orally advised of the Miranda rights, and then given a Miranda card to read. The defendant indicated that he understood his rights and gave a statement to which he affixed his signature. The judge found that no threats or promises were made by the police officer to the defendant. At no time did the police officer notify the defendant that his attorney wanted to be present at the interrogation. At no time was the attorney notified that the defendant was being questioned. The defendant acknowledged that he was notified of his right to use the telephone, that he was permitted to leave the interrogation room on occasion to converse with the codefendant, that his father was present for the last ten minutes before the interrogation ended, and that the statement was signed in his father's presence. In addition, we note that after giving the statement the defendant went home with his father, was never formally arrested in the case, and appeared in court weeks later, as a result of a summons, to answer the charge.

The defendant argues that once the police are notified that defense counsel wants to be present at the interrogation, a failure of the police to so advise the defendant requires the statement to be suppressed. The defendant paints with too broad a brush. The single issue is whether the defendant made an effective waiver of his rights. The fact that defense

counsel requested to be notified of the interrogation and was not, and the fact that the police did not advise the defendant that his lawyer wanted to be present during the interrogation, are factors to be considered by the judge in the totality of the circumstances when he determines whether the defendant has made an effective waiver of his rights. *Commonwealth* v. *Andujar*, 7 Mass. App. Ct. 777, 784 (1979). The defendant testified at the suppression hearing that the police officer told him, among other things, that he had a right to have an attorney, that an attorney would be appointed if he could not afford one, and that he had the right to have an attorney present during the interrogation. The defendant also testified that he understood the advice furnished to him. There is nothing in the record to indicate that the police officer violated an agreement with defense counsel not to question the defendant. *Brewer* v. *Williams*, 430 U.S. 387, 405 (1977). This is not the situation where the defendant's attorney was at the police station and the police failed to advise the defendant of his counsel's immediate availability, *Commonwealth* v. *McKenna*, 355 Mass. 313, 324-325 (1969), nor did the police, in some fashion, prevent defense counsel from conferring with her client. *Commonwealth* v. *Mahnke*, 368 Mass. 662, 692 (1975). We conclude that there was ample evidence to support the judge's finding that the defendant had voluntarily and intelligently waived his rights to consult with his attorney.

2. *Prosecutorial misconduct.* The defendant asserts that the complaints should be dismissed because the police officer did not notify the defendant that his counsel wanted to be present during interrogation. While it would have been better for all concerned if the police officer had notified the defendant, the conduct of the police officer did not rise (or sink) to the level of conduct condemned in *Commonwealth* v. *Manning*, 373 Mass. 438 (1977).

*Judgments affirmed.*

*Edward J. Spence, III,* for the defendant.
*Francis X. Spina,* Assistant District Attorney, for the Commonwealth.