COMMONWEALTH vs. EVERETT L. SHERMAN.

Berkshire. February 8, 1983. — May 27, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Constitutional Law*, Admissions and confessions. *Evidence*, Admissions and confessions. *Practice, Criminal*, Dismissal.

A statement made by a criminal defendant to a police officer after the officer had advised the defendant of his Miranda rights was inadmissible in evidence, where the police officer had failed to inform the defendant that a lawyer on the staff of the Massachusetts Defenders Committee who was representing him in an unrelated case had expressed a desire to be present when the police interrogated the defendant. [290-295] NOLAN, J., dissenting.

A police officer's failure to inform a criminal defendant before questioning that a lawyer of the Massachusetts Defenders Committee who was representing the defendant in an unrelated case had expressed a desire to be present when the police interrogated the defendant did not amount to police misconduct requiring dismissal of the complaints against the defendant. [295]

COMPLAINTS received and sworn to in the Northern Berkshire Division of the District Court Department on August 26, 1980.

On appeal to the jury session of the Central Berkshire Division, a motion to suppress evidence and a motion to dismiss the complaints were heard by *Lenhoff*, J., and the cases were tried before *Silverman*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Edward J. Spence, III*, for the defendant.

*Francis X. Spina*, Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   The defendant was convicted of larceny from a building and two counts of breaking and

entering in the daytime with intent to commit a felony. He appealed, arguing that his motions to suppress a statement made to the police, and to dismiss the complaints, were improperly denied. The Appeals Court affirmed the judgments of conviction. *Commonwealth* v. *Sherman,* 14 Mass. App. Ct. 971 (1982). We allowed the defendant's application for further appellate review. We conclude that the defendant's statement should have been suppressed because the police did not inform him of the availability of counsel, thus precluding a valid waiver of his right to counsel. Accordingly, the judgments of conviction are reversed and the case is remanded for a new trial.[1]

We summarize the relevant facts. Officer Leon Manning of the Massachusetts State police received information that the defendant and one Foster Jones might have been involved in housebreaks in Savoy, Massachusetts. On August 14, he encountered them on a public street, where they had been driving in an automobile. He asked them to identify themselves and then told them to meet him at the North Adams police station. The defendant drove to the station, followed by Officer Manning. At the station, the defendant

---

[1] Prior to trial, the defendant moved to suppress the statement he made to the police, on the grounds that it was obtained by threats of incarceration, without a valid waiver of his Miranda rights, and in derogation of his right to counsel, in violation of the Fifth and Sixth Amendments to the United States Constitution. On appeal, the defendant argues that the statement should have been suppressed because it was the fruit of an illegal detention, in violation of the Fourth Amendment to the United States Constitution, and was obtained without a valid waiver of his right to counsel, in violation of the Fifth Amendment. The defendant does not argue on appeal that the statement was obtained by threats, or in violation of his Sixth Amendment right to counsel. "Grounds urged before the trial judge but which are not argued or briefed before this court are deemed waived." *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 407 n.3 (1978). *Commonwealth* v. *Festa,* 388 Mass. 513, 513 n.1, 516 n.7 (1983). *Commonwealth* v. *Cundriff,* 382 Mass. 137, 150 n.22 (1980), cert. denied, 451 U.S. 973 (1981). Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). Furthermore, in light of our holding, we do not consider the defendant's claim, raised for the first time on appeal, that his statement should have been suppressed under the Fourth Amendment based on *Dunaway* v. *New York,* 442 U.S. 200 (1979).

was taken to an interrogation room, told that he was a suspect, and given his Miranda rights. The defendant testified at the suppression hearing that he understood his rights. He did not request an attorney. In response to Officer Manning's questions, the defendant made a statement implicating himself in two housebreaks. Officer Manning transcribed the statement, and the defendant signed it. The motion judge ruled on the defendant's suppression motion that the defendant fully understood his Miranda rights, and "voluntarily, knowingly, freely and willingly responded to [Officer Manning's] questions . . . ."

Earlier on that morning, Officer Manning had seen Ms. Rita Scales in North Adams District Court. Ms. Scales was a trial attorney on the staff of the Massachusetts Defenders Committee. She testified at the hearing on the suppression motion and at trial that on August 14, 1980, she was representing the defendant on a pending case involving a charge of breaking and entering in Florida, Massachusetts. Officer Manning approached her and told her that he intended to question the defendant about the Savoy, Massachusetts, housebreaks. She asked him to tell her when and where he was going to question the defendant, and stated that she wanted to be present when the questioning took place. He did not respond. Officer Manning testified that he spoke to Ms. Scales because he knew that she was either representing the defendant at the time or had represented him in the past. He acknowledged that Ms. Scales asked to be present at the defendant's interrogation and wanted to know when and where it was going to take place. It was uncontradicted that Officer Manning did not inform the defendant of Ms. Scales's request to be present, nor did he inform Ms. Scales of the interrogation that afternoon of the defendant. Ms. Scales was subsequently appointed to represent the defendant in the instant cases, but withdrew when it became apparent that she might be a witness. The motion judge found that a Massachusetts Defenders attorney does not accept cases prior to appointment, which occurs at court arraignment, and does not voluntarily offer legal

representation to prospective defendants. Ms. Scales testified that she had never volunteered her services as a Massachusetts defender prior to court appointment, which occurs at arraignment. The judge concluded that Ms. Scales was not representing the defendant on the instant cases on August 14, 1980, the Florida, Massachusetts, matter being "separate, distinct and independent." Based on this fact, and on the defendant's failure to request an attorney after having been given his Miranda rights, the judge ruled that the defendant made "an intelligent waiver" of his right to have counsel present.

Once Miranda warnings are given, "[i]f the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination . . . ." *Miranda* v. *Arizona*, 384 U.S. 436, 475 (1966). *Commonwealth* v. *Taylor*, 374 Mass. 426, 436 (1978). *Commonwealth* v. *Dustin*, 373 Mass. 612, 614 (1977), cert. denied, 435 U.S. 943 (1978). *Commonwealth* v. *Bettencourt*, 361 Mass. 515, 521 (1972). Cf. *Commonwealth* v. *Day*, 387 Mass. 915, 921 & n.10 (1983) (on motions to suppress after date of *Day* opinion, Commonwealth must prove knowing and intelligent waiver of Miranda rights beyond a reasonable doubt). The defendant argues that Officer Manning's failure to inform him of Ms. Scales's request to be present at his interrogation prevented him from making a valid waiver of his right to counsel.[2]

At the outset, we note that *Commonwealth* v. *Andujar*, 7 Mass. App. Ct. 777, 783-784 (1979), is not relevant to our discussion. In *Andujar* the defendant claimed that he did not validly waive his Miranda rights because the police interrogated him despite his attorney's alleged request, in the

---

[2] The issue of Ms. Scales's availability was properly raised, and preserved on appeal, by the defendant's motion to suppress. We reject the Commonwealth's argument that the defendant's failure to object to the admission of the statement at trial limits our review to a determination whether the admission of the statement was a miscarriage of justice.

defendant's presence, that the police refrain from questioning the defendant. The Appeals Court held that despite the request, the totality of circumstances indicated that the defendant validly waived his rights. The court relied on a number of cases holding that there is "no absolute constitutional requirement that [a defendant's] attorney, even if already retained or appointed, be present during, or notified prior to, an interrogation." *Commonwealth* v. *Andujar, supra* at 783. The court noted that "[t]his is not a case where the police . . . failed to make the defendant aware of defense counsel's immediate availability . . . ." *Id.* at 784 n.7.

By contrast, we are here concerned with the consequences of failure to *inform the defendant* of his attorney's request. This goes to the defendant's knowledge at the time of the waiver, which is a crucial element in determining whether the waiver was knowing, intelligent, and voluntary. "To pass up an abstract offer to call some unknown lawyer is very different from refusing to talk with an identified attorney actually available to provide at least initial assistance and advice, whatever might be arranged in the long run. A suspect indifferent to the first offer may well react quite differently to the second." *State* v. *Haynes,* 288 Or. 59, 72 (1979), cert. denied, 446 U.S. 945 (1980). Accordingly, we consider whether the waiver was voluntary in light of our holding in *Commonwealth* v. *McKenna,* 355 Mass. 313 (1969). Compare, e.g., *Commonwealth* v. *Santo,* 375 Mass. 299, 302-303 (1978), with *Commonwealth* v. *Mahnke,* 368 Mass. 662, 691-692 (1975), cert. denied, 425 U.S. 959 (1976).

In *Commonwealth* v. *McKenna, supra,* the defendant was represented at a probable cause hearing on one set of charges by an attorney, Mr. John C. Collins. When the defendant was arrested that afternoon on different charges, he asked his aunt to call Mr. Collins. He was taken to the Revere police station, received his Miranda rights, and was interrogated by a Sergeant Gannon. He did not request an attorney. While he was being questioned, Mr. Collins called the station from Waltham, identified himself to Gan-

non as the defendant's lawyer, and stated that he would go to the place where the defendant was being interrogated. Gannon did not tell Mr. Collins that the defendant was then under interrogation in Revere, and Mr. Collins understood from the conversation that the defendant would be questioned in Boston. Mr. Collins immediately drove to Boston. The defendant arrived later, after having made incriminating statements in Revere.

The judge concluded that the defendant knowingly and intelligently waived his right to be silent and to be assisted by counsel at his interrogation. *Commonwealth* v. *McKenna, supra* at 317-320. We held that "when Mr. Collins identified himself to Sergeant Gannon and invoked on [the defendant's] behalf his right to counsel and stated that he wanted to be with [the defendant] wherever the interrogation was to be held, it was Gannon's duty immediately so to inform [the defendant] . . . . The legal consequence of the denial of the opportunity to reconsider whether he wanted counsel is that whatever 'waiver' there may have been up to the time Mr. Collins made his request to Sergeant Gannon that he be present became then inoperative. Conceivably, [the defendant] might have chosen to go on with the interrogation. But he was entitled to know of his counsel's availability and, with that knowledge, to make the choice with intelligence and understanding." *Id.* at 324. Accordingly, we held that the defendant's motion to suppress should have been allowed as to those statements made after Mr. Collins spoke to Gannon. See *People* v. *Smith,* 93 Ill.2d 179 (1982); *State* v. *Haynes, supra; State* v. *Jackson,* 303 So. 2d 734 (La. 1974).

In *Commonwealth* v. *Mahnke,* 368 Mass. 662, 691-692 (1975), the defendant made incriminating statements to the police, after having been given Miranda warnings. The police knew that the defendant had been represented by a lawyer throughout a lengthy investigation, and the officer in charge of the investigation knew that the lawyer had repeatedly tried to call him earlier on the night of the interrogation. Nevertheless, the police did not advise the de-

fendant of his lawyer's attempts to reach them, nor did they inform the lawyer of the interrogation. We agreed with the motion judge that the police conduct was "calculated to circumvent" the defendant's rights, and that the defendant's statements were inadmissible in the prosecution's case in chief.

We have outlined these facts in some detail because we believe that in important respects they parallel the facts of the instant case. It was undisputed that Ms. Scales told Officer Manning that she wanted to be present at the defendant's interrogation, that the interrogation was conducted shortly thereafter, and that the defendant was not informed of Ms. Scales's request. Because Ms. Scales's request in the instant case was prompted by information received from a police officer, the facts of the case are somewhat unusual. More typically, an attorney calls the police and informs them that he represents a suspect and wishes to be present at any interrogation, as a result of information received from the suspect or a member of his family. Although the fact that the information was received from a police officer is not in itself significant, it does raise the question whether Ms. Scales was available and actively seeking to aid the defendant within the meaning of our prior cases. We have considered this factor significant in determining whether the police violated a defendant's constitutional rights. See *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 263-264 (1982); *Commonwealth* v. *Mahnke, supra*; *Commonwealth* v. *Murray*, 359 Mass. 541, 543-546 (1971); *Commonwealth* v. *McKenna, supra*.

Thus, the Commonwealth argues that *McKenna* is inapplicable because Ms. Scales was not thwarted in an attempt to communicate with the defendant, and in fact did not attempt to communicate with him at all. Similarly, it distinguishes *Mahnke* based on the purposeful nature of the police conduct "calculated to circumvent" the defendant's rights, particularly in light of the lawyer's long involvement in the case. We recognize that the police conduct in *McKenna* and *Mahnke* may have been more deliberately misleading

than that in this case. However, Officer Manning's en-
counter with Ms. Scales, although informal and by chance,
resulted in a clear request by Ms. Scales to be present at the
interrogation. Cf. *Commonwealth* v. *Bradshaw, supra*
(statements were admissible when attorney first called sta-
tion after interrogation was finished, and police did not
know family had been seeking to retain counsel for the de-
fendant); *Commonwealth* v. *Hooks,* 375 Mass. 284, 295
(1978) (statements were admissible when there was no indi-
cation that police deliberately or negligently failed to advise
defendant of attorney's request). Officer Manning interro-
gated the defendant a few hours later. Moreover, Officer
Manning testified that he spoke to Ms. Scales because he
knew of her representation of the defendant. In these cir-
cumstances we conclude that Officer Manning's failure to
inform the defendant of Ms. Scales's request vitiated the de-
fendant's waiver of his rights. The situation is similar to
that of *Commonwealth* v. *Mahnke, supra,* where we ap-
plied *McKenna* to statements made to the police where the
defendant's attorney had repeatedly attempted to call the
police earlier that night. See *Commonwealth* v. *Murray,*
*supra.*

The Commonwealth also argues that *McKenna* is inap-
plicable because the defendant in *McKenna* asked his aunt
to call Mr. Collins. While this fact added to our analysis in
*McKenna,* it is not a distinguishing factor. Our holding in
*McKenna* was expressly based on Gannon's failure to inform
the defendant of Mr. Collins's request to be present at the
interrogation. Thus, a prior request by the defendant is not
required. See *Commonwealth* v. *Hooks, supra* at 294;
*Commonwealth* v. *Mahnke, supra* at 692.

The motion judge relied on the fact that Ms. Scales had no
authority to represent the defendant. Ms. Scales's testimony
at trial and at the suppression hearing established that she
could not represent the defendant in the instant cases unless
and until she was appointed at arraignment. See G. L.
c. 221, § 34D; Mass. R. Crim. P. 8 (a)-(c), 378 Mass. 857
(1979). However, Officer Manning approached Ms. Scales

because he knew of her representation of the defendant, Ms. Scales stated that she wished to be present at the interrogation, the interrogation was conducted shortly thereafter, and Ms. Scales was ultimately appointed to represent the defendant in the instant cases. In these circumstances it would unduly elevate form over substance to hold that Officer Manning's failure to inform the defendant of Ms. Scales's request was not constitutionally significant because Ms. Scales had not yet been appointed to represent the defendant in the instant cases. See *Commonwealth* v. *Taylor*, 374 Mass. 426, 427-429 (1978). Cf. *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978); *People* v. *Marrero*, 51 N.Y.2d 56, 58-59 (1980). But see *State* v. *Burbine*, R.I. (1982) (451 A.2d 22 [R.I. 1982]).

We conclude that the defendant's statement to Officer Manning should have been suppressed. However, the defendant also argues that the complaints should be dismissed, in accordance with the reasoning in *Commonwealth* v. *Manning*, 373 Mass. 438 (1977). In that case, we ordered the dismissal of the complaints against the defendant, when it was shown that the police, knowing that the defendant was represented by an attorney, sought to persuade the defendant to abandon the assistance of his lawyer and cooperate with the police. See *United States* v. *Morrison*, 449 U.S. 361, 367 (1981). Clearly the failure of the police here to inform the defendant of Ms. Scales's request falls far short of the conduct condemned in *Manning*. Accordingly, we affirm the denial of the defendant's motion to dismiss the complaints.

In sum, where (1) an attorney represents a defendant as to one charge and learns that the police are planning to interrogate the defendant on a second and unrelated charge as to which the attorney does not represent the defendant; (2) the attorney informs the police of the attorney's desire to be present at the interrogation of the defendant; (3) the police, nevertheless, within a few hours after the attorney's request inform the defendant of his Miranda rights but do not inform him of the attorney's request to be present; and

(4) the police then interrogate the defendant, who makes a statement inculpating himself as to the second and unrelated charge, we conclude that the statement of the defendant must be suppressed because, under principles of construction of Miranda, the failure of the police to inform the defendant of the attorney's request vitiated the defendant's waiver of his Miranda rights.

The motion to suppress should have been allowed, and consequently the defendant must have a new trial.

*Judgments reversed.*

*Verdicts set aside.*

NOLAN, J. (dissenting). I dissent. The court today has reversed convictions for serious crimes because a police officer failed to inform the defendant that a lawyer on the staff of the Massachusetts Defenders Committee who was representing him in a pending but totally unrelated case had asked to be informed of the time and place of the officer's interrogation of the defendant and expressed a desire to be present when the interrogation took place. The police officer did not agree to the attorney's request to notify her. To this extent, the warning of *Brewer* v. *Williams,* 430 U.S. 387, 406 (1977), is *not* apposite.

It is true that the Commonwealth has a heavy burden in demonstrating that the defendant has waived his Miranda rights (*Commonwealth* v. *Cameron,* 385 Mass. 660, 664 [1982]), and that this burden requires a showing that the waiver was made knowingly, intelligently, and voluntarily (*Miranda* v. *Arizona,* 384 U.S. 436, 444 [1966]). The court today, however, seems to suggest that there are at least two tests to determine waiver, a "totality of the circumstances" test and a "voluntary" test under *Commonwealth* v. *McKenna,* 355 Mass. 313 (1969). I do not agree. In fact, it was precisely because of the totality of the circumstances in *McKenna* that the court ruled that the defendant had not waived his right to counsel.

In the instant case, the circumstances are important. The defendant was given all the Miranda rights. He was notified of his right to use the telephone. He was not under arrest before, during, or after the interrogation. He was permitted to leave the interrogation room to talk with his friend, Jones, a codefendant. His father was present for the final ten minutes of the interrogation and the defendant signed the statement sought to be excluded in his father's presence. No threats or promises were made. He left the police station with his father. There is nothing in the record to suggest that the defendant was of marginal intelligence or otherwise mentally handicapped. All of these circumstances should be weighed against the failure of the police officer to tell the defendant that the attorney in the unrelated case asked to be notified in advance of the police interrogation. Regrettably, the court has isolated this last "circumstance" and made it controlling. The court should consider the failure to inform the defendant of the attorney's request to be notified as merely one factor among many for evaluation on the question of waiver. This is the approach which the Supreme Court took in the analogous problem of the defendant's unawareness of his right to refuse to consent to a warrantless search in *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 248-249 (1973). The Supreme Court treated the defendant's nescience as one factor among many in determining whether he had voluntarily consented to a search without a warrant. This is the better approach.