## COMMONWEALTH *vs.* JERRY G. ADREY.

Essex. February 4, 1986. — June 16, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Homicide. Malice. Practice, Criminal,* Instructions to jury, New trial, Appeal. *Due Process of Law,* Presumptions and burden of proof.

A defendant convicted of murder in the second degree on an indictment charging murder in the first degree need not seek from a single justice of this court leave to appeal the denial of a motion for a new trial, even in a case where the crime had been committed before July 1, 1979, and the conviction had received the full review required by G. L. c. 278, § 33E. [752]

Where a defendant's murder trial and his direct appeal from a second degree murder conviction predated the decision of the United States Supreme Court in *Sandstrom* v. *Montana,* 442 U.S. 510 (1979), on a subsequent appeal by the defendant from the denial of a motion for a new trial, this court considered the defendant's claim that the judge's reference in the jury instructions to "the natural presumption of malice" resulted in constitutionally defective instructions. [752-753]

In the context of the judge's entire charge to the jury at a murder trial, including instructions at length about the presumption of the defendant's innocence and the Commonwealth's burden of proving every essential element of the crime charged, it was held that the judge's two references to "the natural presumption of malice" in defining an intentional killing could not have misled the jury. [753-755]

INDICTMENT found and returned in the Superior Court on May 23, 1974.

Following the decision of this court in 376 Mass. 747 (1978), a motion for a new trial was heard by *John T. Ronan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Peter G. DeGelleke* for the defendant.

*Robert J. Bender,* Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. On December 11, 1974, a jury convicted the defendant of murder in the second degree on an indictment charging him with murder in the first degree. In 1978, this court affirmed the conviction after plenary review under G. L. c. 278, § 33E, as amended through St. 1974, c. 457.[1] *Commonwealth* v. *Adrey*, 376 Mass. 747 (1978).

In 1982, the defendant filed a motion for postconviction relief under Mass. R. Crim. P. 30 (*a*), 378 Mass. 900 (1979), alleging that the judge's instructions to the jury erroneously relieved the Commonwealth of its burden of proving every essential element of the crime charged. The trial judge treated this motion as a motion for a new trial, and denied it. The defendant appealed. We granted the Commonwealth's application for direct appellate review and now affirm the order denying the postconviction motion for a new trial.

We announced in *Greene* v. *Commonwealth*, 385 Mass. 1008, 1009 (1982), that one convicted of murder in the second degree on an indictment charging murder in the first degree need not seek from a single justice of this court leave to appeal the denial of a motion for a new trial. We said that this is true even if the crime had been committed before July 1, 1979, and the conviction had received the full review required by G. L. c. 278, § 33E. Since our decision in *Greene* v. *Commonwealth, supra*, we have applied that rule in other cases. See *Commonwealth* v. *Festa*, 388 Mass. 513, 514 n.2 (1983); *Commonwealth* v. *Zezima*, 387 Mass. 748, 749 (1982); *Commonwealth* v. *Hodge*, 386 Mass. 165, 166 n.3 (1982). We reject the Commonwealth's argument that we should now abandon that rule, and we consider the defendant's appeal despite his failure to seek leave to appeal.

The defendant's sole challenge to the jury instructions focuses on the instruction, twice given, that "[w]here the fact of killing is shown and there are no circumstances disclosed tending to show justification or excuse, then there is nothing to

---

[1] Before July 1, 1979, G. L. c. 278, § 33E, provided for plenary review in all cases in which the defendant was indicted for murder in the first degree and was convicted of murder in either the first or second degree. *Commonwealth* v. *Festa*, 388 Mass. 513, 514 n.3 (1983). *Commonwealth* v. *Davis*, 380 Mass. 1, 15 (1980).

rebut the natural presumption of malice." "[T]he defendant is not entitled to our determination whether the instructions were erroneous if the issues presented could have been raised at trial or on direct appeal but were not. . . . However, that rule is not without qualification. We have excused the failure to raise a constitutional issue at trial or on direct appeal when the constitutional theory on which the defendant has relied was not sufficiently developed at the time of trial or direct appeal to afford the defendant a genuine opportunity to raise his claim at those junctures of the case. . . . When we excuse a defendant's failure to raise a constitutional issue at trial or on direct appeal, we consider the issue 'as if it were here for review in the regular course.' *Commonwealth* v. *Kater*, 388 Mass. 519, 533 (1983). If constitutional error has occurred, we reverse the conviction unless the error was harmless beyond a reasonable doubt. . . . " *Commonwealth* v. *Rembiszewski*, 391 Mass. 123, 126 (1984) (citations omitted).

The issue now presented by the defendant was not raised at his trial in 1974 nor on appeal in 1978. The defendant argues now for the first time that the reference in the jury instructions to the "natural presumption of malice" resulted in the instructions being constitutionally defective. That reference, it is argued, reasonably could have been understood by the jury as meaning that, if the jury were satisfied that the defendant killed the victim and there was no evidence of justification or excuse, then either malice was conclusively established or the burden of disproving malice was on the defendant. We have previously held that these constitutional theories were not sufficiently developed for a defendant to be chargeable with knowledge about them until the Supreme Court's decision in *Sandstrom* v. *Montana*, 442 U.S. 510 (1979). *Commonwealth* v. *Lee*, 383 Mass. 507, 510-511 (1981). *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 248-251 (1980). Because the defendant's trial and earlier appeal predated *Sandstrom*, we consider his argument on the merits despite his failure to present it heretofore.

We must consider the instruction in question in the context in which it was delivered, in order that we might determine

its probable effect on the jury's understanding of their function. *Commonwealth* v. *Nieves*, 394 Mass. 355, 360 (1985). *Commonwealth* v. *Doucette*, 391 Mass. 443, 450 (1984). *Commonwealth* v. *Richards*, 384 Mass. 396, 399-400 (1981). The judge instructed the jury at length about the presumption of the defendant's innocence and the Commonwealth's burden of proving beyond a reasonable doubt every essential element of the crime charged. He emphasized that "the defendant, of course, does not have to prove that he is not guilty. Quite the reverse is true."

The judge then discussed murder in the first and second degree and manslaughter. He defined murder as "the unlawful killing of a human being with malice aforethought, express or implied," explaining repeatedly that "[a]ny intentional killing of a human being without legal justification or excuse, with no extenuating circumstances sufficient in law to reduce the crime to manslaughter, is malicious within the meaning of that expression and is murder, not manslaughter." Over and over again, the judge correctly told the jury about the mental state required for malice in murder.

The judge on two occasions told the jury that "[w]here the fact of killing is shown and there are no circumstances disclosed tending to show justification or excuse, then there is nothing to rebut the natural presumption of malice." That instruction was first given in the course of the judge's explanation of malice and the intent that is necessary for malice. The immediate context was as follows: "[I]t is enough if it appears that the killing was intentional, without legal excuse or justification; the condition of the mind which permits one to do another an injury without such excuse or justification; it is malice in the contemplation of the law. And if the intention to kill is formed before the commission of the act, it is malice aforethought. *Where the fact of killing is shown and there are no circumstances disclosed tending to show justification or excuse, then there is nothing to rebut the natural presumption of malice.*" The same instruction was given for the second time, in an identical context, in response to the jury's question, during deliberations, about the difference between murder in the first and second degrees.

The use of the word "presumption" in instructions on malice is undesirable. Frequently, in recent years, we have criticized its use. However, whenever we have been satisfied that the instructions as a whole, despite the unfortunate use of presumption language, reasonably could not have misled the jury to understand that the Commonwealth was relieved of its burden of proving every essential element of the crime charged, we have upheld the instructions, see *Commonwealth* v. *Doucette*, 391 Mass. 443, 451 (1984); *Commonwealth* v. *Repoza*, 382 Mass. 119, 132-135 (1980); *Commonwealth* v. *Medina*, 380 Mass. 565, 577-578 (1980), and we do so here. The jury in this case reasonably could not have understood from the judge's instructions that, if they found that the defendant killed the victim, and if there was no evidence of justification or excuse, either malice had been established conclusively or the defendant had the burden to prove lack of malice. The jury reasonably could have understood the statement in question only to refer to an intentional killing. An intentional killing without justification or excuse is indeed an unlawful killing with malice aforethought, and is murder.

*Order denying motion for new
trial affirmed.*