COMMONWEALTH *vs*. LAURA L. HAWKINS. No. 87-817. May 27, 1988. *Constitutional Law,* Admissions and confessions, Assistance of counsel, Self-incrimination. *Practice, Criminal,* Grand jury proceedings. *Witness,* Self-incrimination.

The appeal is from the defendant's convictions on both counts of an indictment for perjury committed by the defendant before a grand jury in Middlesex County which was investigating the October 9, 1985, disappearance of nine year old Sarah Pryor in Wayland. The case was tried to a judge sitting without jury and was submitted on a statement of agreed facts and agreed evidence. The arguments in this court have all been directed to whether it was error for a different judge to deny the defendant's pretrial motions (a) to suppress statements made by the defendant without the benefit of counsel or Miranda warnings following what she now claims were an illegal arrest and subsequent unlawful detention[1] and (b) to dismiss the indictment for alleged prosecutorial misconduct. 1. The evidence adduced at the three-day hearing on the motions has been examined with care. We see no reason to disturb any of the motion judge's subsidiary or ultimate findings[2] on (a) whether the defendant was arrested by either the Puerto Rican or the Massachusetts officers in Puerto Rico and (b) whether she voluntarily returned to this Commonwealth with the Massachusetts officers. Compare *Commonwealth v. Best*, 381 Mass. 472, 491-495 (1980); *Commonwealth v. Corriveau*, 396 Mass. 319, 327 (1985); *Commonwealth v. Parker*, 402 Mass. 333, 339 (1988). The argument to the contrary rests on the

[1] Taken literally, this contention would embrace the defendant's testimony before the grand jury, which was not self-incriminating so far as possible perjury was concerned.

[2] It would serve no useful purpose to rehearse the evidence or the specific subsidiary findings made by the judge.

affidavits of the defendant and her mother which were submitted with the motions and on the testimony of the mother at the motion hearing, none of which the motion judge was obliged to believe. Compare *Commonwealth* v. *Doucette*, 391 Mass. 443, 448 (1984); *Commonwealth* v. *Monteiro*, 396 Mass. 123, 131 (1985). 2. We reach like conclusions with respect to the motion judge's subsidiary and ultimate findings on whether the defendant assented to and voluntarily remained in the protective custody which the prosecution offered and maintained during its investigation of the child's disappearance and until such time (following the defendant's testimony before the grand jury) as the prosecution realized that it had been deceived by the defendant and arrested her on outstanding default warrants previously issued out of the Roxbury Municipal Court on complaints for various offences unrelated to the perjuries. 3. When the Massachusetts officers first interviewed the defendant in Puerto Rico, they advised her that they had the Roxbury warrants in their possession. The defendant urges error in the denial of her motions because she was not promptly arraigned on the Roxbury charges after her return from Puerto Rico. The suggestion at the arguments was that prompt arraignment would have put the defendant in contact with counsel who would have advised her in connection with the Middlesex grand jury proceedings as well as the Roxbury proceedings. On this record, it is matter of speculation only whether any counsel employed by or appointed for the defendant in Roxbury would have assumed or been ordered to assume responsibility for representing or advising the defendant with respect to the grand jury proceedings. Contrast *Commonwealth* v. *Sherman*, 389 Mass. 287, 288-296 (1983).[3] Nor should we speculate as to what advice any such counsel might have given the defendant concerning possible cooperation with the prosecution and the grand jury. 4. The defendant advances several arguments with respect to her rights to counsel and not to incriminate herself. In evaluating these arguments it is important to keep firmly in mind that the instant prosecution and convictions were for the perjuries committed before the Middlesex grand jury and not for any of the Roxbury offences or for some offence which may have been committed in the course of the disappearance of the child. Compare *United States* v. *Finucan*, 708 F.2d 838, 845-846 (1st Cir. 1983); *United States* v. *Babb*, 807 F.2d 272, 277 (1st Cir. 1986). (a) The prosecution was not prevented by the pendency of the Roxbury complaints from investigating the disappearance of the child or any part which the defendant may have played therein. *United States* v. *Batista*, 834 F.2d 1, 4 (1st Cir. 1987). "[To] exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel has not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities." *Maine* v. *Moulton*, 474 U.S. 159,

---

[3]The holding in the *Sherman* case should be evaluated in light of what was subsequently said and held in *Moran* v. *Burbine*, 475 U.S. 412 (1986).

180 (1985). See also *Moran* v. *Burbine*, 475 U.S. 412, 431-432 (1986). (b) The motion judge found (without challenge) that the prosecution had no reason to believe that the defendant would perjure herself before the grand jury. Accordingly, she had no constitutional right to Miranda or other warnings in advance of her appearance before that body. *Commonwealth* v. *Weed*, 17 Mass. App. Ct. 463, 468-469 (1984), disapproved on another point in *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). This is not a case in which the prosecution misrepresented a witness's rights in the circumstances. Compare *Commonwealth* v. *Piedra*, 20 Mass. App. Ct. 155, 159 (1985). Contrast *Commonwealth* v. *Weed*, 17 Mass. App. Ct. at 469. (c) There is nothing in G. L. c. 277, § 14A, which required the prosecution to advise the defendant of her qualified right to have counsel with her in the grand jury room. Contrast the provisions of G. L. c. 276, § 33A (police expressly required to notify arrestee of his right to use telephone). (d) In any event; a study of the evidence on which the case was submitted to the trial judge shows that none of the evidence on which the perjury convictions were based was obtained in violation of the defendant's right not to incriminate herself. That evidence consisted of (i) distillations of records of inmate incarcerations at the Charles Street jail in Boston and records of telephone toll calls made from Puerto Rico to Boston which the police appear to have discovered for themselves and which gave rise to the separate counts of the indictment, (ii) statements made by the defendant to the police shortly after her grand jury testimony and following receipt of Miranda warnings, and (iii) the defendant's recantation of that testimony and her admission that she had lied to the grand jury, both made after she had obtained the services of and been advised by her present counsel. The motion judge recited that no aspect of (ii) or (iii) had been challenged before him. 5. The foregoing conclusions make it unnecessary for us to consider any of the defendant's other arguments, or to address the motion to dismiss.

*Judgments affirmed.*

*Willie J. Davis* for the defendant.

*Catherine E. Sullivan*, Assistant District Attorney, for the Commonwealth.