King, J.
*681 INTRODUCTION
Plaintiff, Arthur Marsh, commenced this action to obtain injunctive and declaratory relief. He contends his constitutional rights were violated because he was not informed that he might be entitled to appointed counsel to represent him at a preliminary parole revocation hearing. The case is before the court on a motion to dismiss brought by defendant Massachusetts Parole Board (the Board), and a motion for partial summary judgment by plaintiff.
In his motion for partial summary judgment the plaintiff seeks:
(1) an order requiring the Board to provide him with a new preliminary parole revocation hearing;
(2) a declaration that the Board’s failure to inform him that he might be entitled to an appointed attorney prior to the preliminary revocation hearing violated his constitutional rights; and
(3) a declaration that he is entitled to be represented by appointed counsel at both his preliminary and final parole revocation hearings.
After hearing and considering the arguments of counsel, the court, for the reasons set forth below, will deny the Board’s motion to dismiss and will grant, in part, and deny, in part, the plaintiffs motion for partial summary judgment.
BACKGROUND
Based on the summary judgment record, the following facts are uncontroverted. On September 7, 1990, the plaintiff began serving two concurrent state prison terms of nine to ten years for two counts of receiving and possessing a stolen motor vehicle. On July 26, 1996, the Board released him on parole.
On June 5, 1997 the Board learned that the plaintiff had been reincarcerated at the Worcester House of Correction after his arrest for multiple additional offenses.[1] Plaintiff was subsequently convicted of conspiracy to commit a violation of the Controlled Substance Act and sentenced to six months at the Worcester House of Correction. His sentence wraps up on or about November 24, 1997.
On June 9, 1997, the Board issued a parole violation notice containing three alleged parole violations based on the three incidents described above. A notice of a preliminary parole revocation hearing was given to the plaintiff at the Worcester House of Correction.
The notice form set forth the parole violation charges, the consequences in the event the plaintiff chose to waive his preliminary hearing, and a short list of his rights in connection with the hearing procedure. The notice did not inform the plaintiff that indigent persons facing parole revocation might be entitled upon timely request to have counsel appointed. It is not the policy of the Board in conducting parole revocation hearings to notify parolees that, if indigent, they may be entitled to counsel. The only reference on the notice form to legal representation read as follows: “You may have the assistance of an attorney of your choice. You are responsible for contacting the attorney of your choice and for making sure he knows the time and place of your hearing.” The plaintiff signed the notice, indicating he understood both its contents and the significance of his right to the two hearings. Because the plaintiff could not afford to hire a private attorney to represent him at the preliminary hearing, he made no request for counsel and chose to waive his right to a hearing entirely.
The plaintiff is currently being held on the new criminal charges, and has not yet been scheduled for a final revocation hearing.
DISCUSSION
The plaintiff has moved for summary judgment on Counts I and II of the complaint relating to his right to counsel at parole revocation hearings.[2] Summary judgment is a device to make possible prompt disposition of controversies on their merits without trial, if in essence there is no legal dispute as to salient facts or if only a question of law is involved. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). Summary judgment shall be granted where there are no genuine material facts in dispute and where the moving party is entitled to judgment as a matter of law. Id.; Mass.R.Civ.R 56(c). “When a motion for summary judgment is made and properly supported, the nonmoving party may not simply rest on pleadings, but instead must set forth specific, disputed facts which show that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991). The existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case. Hogan v. Reimer, 35 Mass.App.Ct. 360, 364 (1993). The burden of the moving party may be satisfied either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The potential loss of liberty resulting from revocation of parole requires that parolees be accorded due process in the form of two hearings. Morrissey v. Brewer, 408 U.S. 471, 487-89 (1972). The purpose of a preliminary hearing is to determine whether there is probable cause to believe a parolee has committed a violation of his parole. Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973). To further safeguard against needless revocation, a parolee is entitled to appear at both hearings to present evidence on his own behalf and to confront and cross-examine adverse witnesses at both hearings. Morrissey at 487. In addition to the minimum due process standards set forth in Morrissey, under certain limited circumstances, a parolee, if indigent, may also be entitled to state-appointed counsel. Gagnon at 790. No rigid set of *682 guidelines exists for determining when a parolee is entitled to an appointed attorney. Id. While “the participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent. . . parolees.” Id.
The plaintiffs constitutional rights were plainly violated by the Board’s failure to notify him of his potential right to an appointed attorney prior to his preliminary revocation hearing. The Board argues that because the plaintiff voluntarily elected to waive his preliminary hearing he was not entitled to be evaluated for an appointment in connection therewith. This argument is without merit. A defendant in a criminal case cannot waive his rights unless it is done intelligently and knowingly. See Commonwealth v. Perry P., 418 Mass. 808, 812 (1994); Commonwealth v. Beasley, 13 Mass.App.Ct. 62, 65 (1982); Commonwealth v. Sherman, 389 Mass. 287, 291 (1983); Commonwealth v. McKenna, 355 Mass. 313, 324 (1969). To be effective, a waiver must be made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Moran v. Burbine, 475 U.S. 412, 421 (1986). The plaintiffs waiver, made as it was without knowledge of the full spectrum of his rights in connection with the revocation proceedings, was clearly neither knowing nor intelligent. For this reason, the plaintiffs motion for partial summary judgment is allowed in part- and denied in part as noted below.
RELIEF
The plaintiff moves for summary judgment on Count I of his complaint seeking to enjoin the Board from failing to provide him with a new revocation hearing. On the facts of this case, injunctive relief is not necessary. Once the court declares the rights of the parties the court assumes that the Board will comply with the court’s ruling unless it decides to seek appellate review of the ruling.
The plaintiff also moves for summary judgment on Count II of his complaint seeking ajudgment declaring he is entitled to state-appointed counsel at both revocation hearings, based on his assertion that he did not commit the alleged parole violations and that there are substantial reasons which justified or mitigated the violation. The Board contends that the issue is now moot since the plaintiff has been convicted of one of the newly charged crimes.
The plaintiffs conviction on the drug-related charge does not moot the issue. The Supreme Court in Gagnon v. Scarpelli recognized that, notwithstanding a parolee’s criminal conviction there may be mitigating factors which militate against his parole revocation. 411 U.S. 778, 790. It does not follow, however, that an indigent parolee who feels revocation is inappropriate due to mitigating circumstances will always be entitled to appointed counsel because, as the Supreme Court recognized in Gagnon, “mitigating evidence of this kind is often... so simple as not to require either investigation or exposition by counsel.” Id. at 787. Indeed, Gagnon repeatedly stressed the flexible, informal nature of due process during revocation hearings, as well as the need to evaluate the “peculiarities of particular cases” when considering a request for counsel. On the facts of this case the court cannot rule as a matter of law that the plaintiff is entitled to appointed counsel. All that is required at a new preliminary parole revocation hearing is that the plaintiff be informed that if he is indigent he might be entitled to an appointed attorney.[3]
On the facts in this case the plaintiff is only entitled to a new preliminary revocation hearing and to be advised prior to that hearing that he might be entitled to appointed counsel. Should the plaintiff decide to make such a request prior to the new preliminary parole revocation hearing, he should state the reasons why he needs an attorney. The Board must then determine whether he is entitled to counsel based on the particularities of his situation.
The Board’s Motion to Dismiss is denied because the plaintiff is entitled to relief.
ORDER
Accordingly, the following declaratory judgment shall enter:
The plaintiff is entitled to a new preliminary parole revocation hearing. Prior to the preliminary hearing, the plaintiff is entitled to be informed of his right to request the appointment of counsel including a statement of the factors which would justify the appointment of counsel. The Parole Board is required to evaluate any such request the plaintiff may make in accordance with the mandates of Gagnon v. Scarpelli. The plaintiff will be entitled to the same rights at his final revocation hearing.
Pursuant to Mass.R.Civ.P. 54(b), the court finds no just cause for the delay in entry of this declaratory judgment as a final judgment.

 These charges arose out of three separate incidents: (1) two counts of breaking and entering in the night time with the intent to commit a felony, two counts of larceny, and one count each of operating a motor vehicle so as to endanger, attaching the wrong plates to a motor vehicle and attempting to commit a crime; (2) conspiracy to violate the Controlled Substance Act; and (3) a compulsory insurance violation.

 Count III of the complaint alleges that the failure to appoint counsel at his parole revocation hearings deprives the plaintiff the equal protection of the laws.

 The notice shall inform the plaintiff that if he is indigent, the Board will appoint counsel if he has a “timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.” Gagnon, 411 U.S. 778, 790.